**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **JORDAN BOGGS,** on behalf of himself and all others similarly situated,<br><br>**PLAINTIFF**,<br><br>   v.<br><br>**ONITY, INC.,**<br><br>**DEFENDANT**. | Case No. 6:21-cv-842<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Federal and Oregon Wage and Hour Violations<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jordan Boggs, on behalf of himself and other similarly situated individuals, by

and through his undersigned counsel, file this Class and Collective Action Complaint and allege

as follows:

PAGE 1 – CLASS ACTION COMPLAINT

## NATURE OF ACTION

1.        This is a Class and Collective Action Complaint brought to obtain monetary, injunctive and declaratory relief resulting from Defendant Onity, Inc.'s misclassification of their "installers" as independent contractors. Defendant is a corporation whose principal business is installing and maintaining locks and automatic lock systems in both the commercial and public buildings. Defendant relies on installers to install lock systems, such as remote locks. Plaintiff Jordan Boggs, who was employed as an installer and misclassified as an independent contractor, alleges violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; Oregon Wage and Hour Laws, Or. Rev. Stat. § 652.140, § 652.610, *et seq.*, and § 653.010, *et seq.* Boggs further asserts claims under Oregon common law for unjust enrichment and seeks Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Or. Rev. Stat § 28.010.

2.        Boggs bring his state statutory and common law claims on behalf of a proposed opt-out class pursuant to Federal Rule of Civil Procedure 23 ("Rule 23 Class") consisting of all persons misclassified as independent contractors who worked as installers for Onity at any time in the six years prior to the filing of this Complaint.

3.        Boggs also brings this action as an opt-in collective action on behalf of Boggs and all similarly situated individuals for violations of FLSA ("FLSA Collective Class"), consisting of all persons misclassified as independent contractors who worked as installers for Onity at any time within three years prior to the filing of this Complaint.

4.        This action challenges both the classification of installers as independent contractors and Onity's denial to Boggs, the Rule 23 Class, and the FLSA Collective Class of the rights, obligations, privileges and benefits, including overtime compensation, owed to them as employees under the respective state and federal laws.

PAGE 2 – CLASS ACTION COMPLAINT

**PARTIES**

5.      Boggs resides in Oregon and is a former employee of Onity.

6.      Onity is a Delaware corporation whose principal place of business is located in

Salem, Oregon.

**JURISDICTION**

7.      This Court has jurisdiction over the claims asserted in this action pursuant to 28

U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction for

the Oregon claims.

**VENUE**

8.      Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the

events or omissions giving rise to Boggs and class members' claims occurred in the District of

Oregon. The acts pertaining to the Boggs occurred in Marion County.

**FACTUAL ALLEGATIONS**

9.      In February 2013, Boggs began working for Onity in Montana. Boggs was

misclassified as an independent contractor. Boggs worked with his father, Kevin Boggs, who is

correctly classified as a full-time employee (FTE) of Onity. Boggs performed substantially the

tasks as his father. Onity asked Boggs to sign a contract to work as a trainer and installer.

10.     In February 2013, Boggs was trained by Kevin Boggs, Senior Field Technical

Specialist.

11.     On March 4, 2013, Boggs traveled to Cabazon, California to shadow Kevin

Boggs and help perform the duties for the Onity keycard locking system at The Morongo Casino

and Spa Resort.

PAGE 3 – CLASS ACTION COMPLAINT

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

12.     On March 11, 2013, Boggs traveled to Billings, Montana to complete his first scheduled work.

13.     In 2014, Onity moved headquarters from Atlanta, Georgia, to Salem, Oregon, when Onity became a part of United Technologies. It was at this time that many changes were implemented.

14.     On February 8, 2015, Onity revised its Environmental Health and Safety Policy. These are mandatory policies for Onity Installers as well as all persons representing Onity. These policies allow Onity to exert control over safety requirements including type of clothing, footwear, equipment, and prohibit music while working.

15.     On February 8, 2015, Onity revised its hotel reimbursement and reservation policy. This allows Onity to exert control to the means and manner of travel. The policy requires itemized expenses, a limit of $100.00 per night and approval of any exceptions, and the manner of stay requiring shared hotel room.

16.     On March 5, 2015, Onity revised its Pre-Site Procedure Requirements. These policies allow Onity to control communication timeframes, the method and manner of my preparation, and the method and manner of my work upon arrival at the jobsite.

17.     On March 9, 2015, Onity revised its Billing Policies. These policies allow Onity to control the manner of payment, how Boggs bills them, and what Boggs can bill Onity for airfare and mileage, and supplies.

18.     On March 9, 2015, Onity revised its Daily Update Policy. This policy requires contractors to update Onity daily while on the jobsite including mandatory updates throughout the work process. The policy allows Onity control over all scheduling changes and requires

PAGE 4 – CLASS ACTION COMPLAINT

updates to be sent within Onity's approved time of day. Employees misclassified as independent

contractors are not allowed to leave jobsite without first obtaining approval from Onity.

19.    On March 16, 2015, Onity revised its Crew Leader Policies. These policies

include many policies stated above and include the requirement to attend Onity's biennial

certification classes.

20.    On March 19, 2015, Boggs attended a re-certification class at Onity headquarters

in Salem, Oregon. At this class, a PowerPoint slideshow listed Onity's administrative policies.

These policies reinforced the policies stated above. The slideshow also discussed the possibility

of reissuing Onity badges, established more control over dress code and piercings, and prohibited

alcohol on site property even when not working.

21.    On October 26, 2017, Ashley Burger, Onity Scheduler, contacted Boggs to

remind him that Onity updated their contract and required him to sign a new contract by

November 1, 2017. In this contract, Onity exerts the authority to be provided with sufficient

access to Contractor's operating sites, personnel, and books and records.

22.    On October 27, 2017, Burger sent Boggs an email with updated policies. This

included a new requirement to wear a Onity supplied certification badge at all times and updated

polices to control use of tobacco while on job.

23.    On February 28, 2018, Burger emailed Boggs with regards to providing him with

supply kits of items to take with him on the jobsite.

24.    On August 22, 2018, Boggs met with Nicholas Ladwig, Installations Manager, in

regard to a bounced check from Onity. They discussed Onity's continuing failure to pay on time.

During this discussion Ladwig said that if Boggs kept communicating with other installers and

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

trainers and trying to "unionize" then he will no longer be used by Onity. Boggs did not press the

issue because Onity was his only source of income and he was afraid of losing it.

25.    In September 2018, Onity began paying Boggs through direct deposit.

26.    In June 2018, Onity shipped Boggs equipment to carry with him to every jobsite.

27.    On July 24, 2019, Marianne Holgate, Installations Manager, emailed a newly

revised policy giving Onity more control over air travel. This includes a requirement to book

airfare within one week of "Notice of Confirmation Date from Onity," control over where Boggs

and others improperly classified as independent contractors travel after job completion by

requiring round trip tickets, and additional approval requirements.

28.    In August 2019, Holgate called Boggs regarding a recent job he had completed.

On the call she told Boggs that he is not allowed to give his business card for photography

services to the staff at hotel.

29.    On September 14, 2020, Holgate emailed Boggs with further revised "policies

and procedures." These policies included a forty-eight-hour deadline to submit invoices, a

requirement for immediate communication when scheduling, control over start time, and more

control over scheduling of people improperly classified as independent contractors

30.    On September 16, 2020, Gregory Stevenson, Field Service Representative,

emailed new requirements that involved additional communication and approval while

performing work functions.

31.    On October 5, 2020, Onity scheduled Boggs to work at a Homewood Suites

located in Livermore, California. It was scheduled for October 18, 2020.

32.    On October 9, 2020, Stevenson emailed Boggs regarding policy reminders. In this

email Holgate states that it is a requirement to update Onity daily while onsite with the threat to

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

not give work to contractors that do not follow the policy. It also required Boggs to fill out a survey after leaving jobsites for every job performed.

33.     On October 12, 2020, Boggs received an email to change the date of work for the Homewood Suites in Livermore, CA. The new date request was October 22 and 23. It is common of Onity to keep the same trainer assigned to the work when schedule changes occur.

34.     On October 19, 2020, Boggs emailed Holgate and demanded to be reclassified as an employee. Boggs demanded to be paid for back wages, payroll benefits, and other benefits of being an employee. Boggs calculated the approximate value of each lost wage and benefit and demanded payment for the estimated total.

35.     On October 20, 2020, Boggs emailed Kriss Fincher, Onity Scheduler, Anna Beseda, Project Coordinator, Casey Heitz, Project Coordinator Manager, and Johnna Hillier, Project Coordinator, about upcoming work in Livermore, CA at the Homewood Suites that was scheduled for October 22 and 23. In the email, Boggs informed them that he had checked in with the someone from the Homewood Suites and that the hotel's open date had been moved to October 27. Boggs asked them to let him know about rescheduling. Onity has an agreement with Hilton hotels to have the trainer onsite the day prior to open. This would cause the job to be rescheduled for October 26 and 27.

36.     On October 20, 2020, Boggs called Hillier to remind her of his email and asked about the change of date for the work in Livermore, CA at the Homewood Suites as he had not heard anything from Onity. Hillier said that she had checked their own records from Hilton and confirmed that the open date had been pushed back to October 27. She said she had sent the new request to Fincher earlier in the day and that Fincher had been busy training someone.

PAGE 7 – CLASS ACTION COMPLAINT

37.    On October 21, 2020, Boggs received a response from Renee Stark, from Human Resources. Stark said they are looking into his concerns and would get back to him in due course.

38.    On October 22, 2020, Boggs emailed Fincher and Hillier and said that he never received a new date request for the work in Livermore, CA at the Homewood Suites. He reminded Hillier that she told him she sent the request on Tuesday. Boggs asked that the request be sent so that he can plan accordingly as the date is arriving soon.

39.    On October 23, 2020, Boggs emailed Fincher and Hillier again, and informed them that he still had not heard anything regarding the work in Livermore, CA at the Homewood Suites.

40.    On October 23, 2020, Holgate emailed Boggs at 8:30 p.m. She said that a different trainer was scheduled for the work in Livermore, CA at the Homewood Suites. She also said that it will be "business-as-usual" while his claim is being reviewed.

41.    On October 27, 2020, Stark emailed Boggs and said that they have reviewed his claim and determined that he is correctly classified as an independent contractor.

42.    On December 30, 2020, Boggs resigned his position at Onity because Onity refused to correctly classify him as an employee. He was not paid all wages due and owing at that time and has not received all wages due and owing as of this filing.

43.    Boggs gave notice of his intent to assert wage claims prior to filing this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

44.    Boggs brings Count I of this Complaint, *infra*, as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals. The proposed FLSA Collective Class is defined as:

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

All persons who are or have performed work as "installers" or "trainers" for Onity and who are or were misclassified as independent contractors during the period commencing three years prior to the filing of this Complaint through the trial in this action.

Boggs reserves the right to modify this definition prior to conditional certification of the FLSA Collective Class.

45.    Boggs has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Boggs's signed consent form is attached as Attachment A.

46.    Boggs and members of the FLSA Collective Class are similarly situated in that they signed a contract, have substantially similar job requirements, pay provisions, and are subject to Onity's pervasive right to control their daily job functions.

47.    Boggs and members of the FLSA Collective Class routinely worked in excess of forty (40) hours in a week without overtime compensation.

48.    Upon information and belief, Onity knew that Boggs and all similarly situated individuals performed work that required overtime pay and knowingly and willfully failed to pay Boggs and similarly situated individual's overtime wages due and owing.

49.    Onity has therefore operated under a scheme to deprive Boggs and the FLSA Collective Class of overtime compensation by failing to properly compensate them for all time worked.

50.    Onity's conduct, as set forth in this Complaint, was willful and has caused significant damages to Boggs and the FLSA Collective Class.

51.    Onity is liable under the FLSA for failing to properly compensate Boggs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated employees are known to Onity and are readily identifiable through Onity's payroll records.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## CLASS ACTION ALLEGATIONS

52.    Boggs bring Counts II and III of this Complaint, *infra*, as a class action pursuant

to Rule 23 of the Federal Rules of Civil Procedure on behalf of a "Rule 23 Class" defined as

follows:

> All persons who are or have performed work as "installers" or
> "trainers" for Onity and who are or were misclassified as
> independent contractors during the period commencing six years
> prior to the filing of this Complaint through the trial in this action,
> and who: (a) were not paid overtime wages as required under
> Oregon law; (b) were subjected to improper deductions from their
> paychecks; or (c) were not paid all wages due and owing at the
> time their "contract" terminated.

Boggs reserve the right to redefine the Rule 23 Class prior to Class certification.

53.    The Oregon State law claims, if certified for class wide treatment, may be pursued

by all similarly situated persons who do not request exclusion or opt-out of the class. Class

members may be notified of the pendency of this action by first-class mail. Class members may

be identified through Onity's human resources and payroll computer system. Notice of the class

action may be made by mailing to the class members' address in Employers' records.

## Fed. R. Civ. P. 23(a) Prerequisites

54.    **Numerosity**: Members of the Rule 23 Class are so numerous that their individual

joinder is impracticable. The precise number of Class members is unknown to Boggs. However,

upon information and belief, it is in excess of 100 individuals. The true number of Class

members is, however, likely to be known by Onity, and thus, Class members may be notified of

the pendency of this action by first Class mail, electronic, and published notice.

55.    **Commonality**: There are numerous questions of law and fact common to Boggs

and the Rule 23 Class; those questions predominate over any questions that may affect individual

Class members, and include the following:

PAGE 10 – CLASS ACTION COMPLAINT

a)      whether Boggs and members of the Rule 23 Class have been misclassified as independent contractors and actually were or are employees of Onity;

b)      whether Onity has violated the rights of Boggs and members of the Rule 23 Class under Oregon Wage and Hour laws and common law by, making illegal deductions from their wages, depriving them of other benefits of being employees and requiring them to pay Onity's expenses;

c)      whether Boggs and members of the Rule 23 Class are entitled to injunctive relief prohibiting Onity from making illegal deductions from the wages of Boggs and members of the Class;

d)      whether Boggs and members of the Rule 23 Class are entitled to declaratory relief declaring that they are employees of Onity;

e)      whether Boggs and members of the Rule 23 Class are entitled to injunctive relief requiring Onity to convey to Boggs and the Class the rights, privileges, and benefits of employees; and

56.      **Typicality**: Boggs's claims are typical of the other members of the Rule 23 Class. Boggs are informed and believe that, like other installers, Boggs were misclassified as "independent contractors" when they actually were statutory and common law employees, and were therefore deprived the protections of employee status under the law. Boggs had the same duties and responsibilities as other Rule 23 Class members, and was subject to the same policies and practices, and the same or substantially similar conditions of employment.

57.      **Adequacy**: Boggs will adequately represent the interests of the Rule 23 Class. He has been treated in the same manner as other Class members by Onity and has been damaged by

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

this treatment in the same manner as other Class members by his loss of overtime premium wages, his exclusion from employee compensation programs, plans and agreements, and his payment of Onity's expenses. Boggs is committed to vigorously prosecuting this action. Boggs has retained attorneys who are well qualified to handle lawsuits of this type. Boggs has no interests that are adverse to those of the Rule 23 Class.

58.     **Predominance**: This case should be certified as a class action because the common questions of law and fact concerning Onity's liability predominate over any individual questions, including the amount of damages incurred by each person.

59.     **Superiority**: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the Rule 23 Class. The expense and burden of individual litigation makes it impracticable for members of the Rule 23 Class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

### Fed. R. Civ. P. 23(b)(3) Factors

60.     The questions of law or fact common to class members, as stated above, predominate over any questions affecting only individual members, namely the amount of penalty wages owed.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy:

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

(a)      Most individual members of the class have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the relatively small damages suffered by each class member in relation to the expense and time required to pursue such an action;

(b)      Counsel are not aware of any other class actions for damages or individual cases or claims made by prospective class members for the violations described herein;

(c)      This action will allow an orderly and expeditious administration of class claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured;

(d)      Without a class action, the class may continue to suffer damages and Onity's violations of law will proceed without remedy;

(e)      This action should present no difficulty that would impede its management as a class action, all class members are identifiable from Onity's records, and a class action is the best available means by which Boggs and the class can seek redress for the harms caused to them by Onity; and

(f)      The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## COUNT I
### Violation of FLSA – Overtime Violations
### (FLSA Collective Class)

62.     Boggs re-alleges and incorporates by reference each and every allegation set forth

in the preceding Paragraphs.

63.     Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees who in any work week is engaged
> in commerce or in the production of goods for commerce, for a
> work week longer than forty hours unless such employee
> receives compensation for his employment in excess of the
> hours above specified at a rate not less than one and one-half
> times the regular rate at which he is employed.

64.     Boggs and the FLSA Collective Class routinely drive or drove their personal

vehicles for work and therefore there are no exemptions applicable to the FLSA Collective Class.

65.     For purposes of the FLSA, the employment practices of Onity were and are

uniform in all respects material to the claims asserted in this Complaint.

66.     Boggs and the other members of the FLSA Collective Class, either regularly or

from time to time, worked more than 40 hours per week, but did not receive overtime pay.

67.     At all relevant times, Onity has had gross operating revenues in excess of

$500,000.

68.     In committing the wrongful acts alleged to be in violation of the FLSA, Onity

acted willfully in that they knowingly, deliberate, and intentionally failed to pay overtime

premium wages to Boggs and other members of the FLSA Collective Class.

69.     As a result of Onity's failure to pay overtime premium wages, Boggs and the

other members of the FLSA Collective Class were damaged in an amount to be proved at trial.

PAGE 14 – CLASS ACTION COMPLAINT

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

70.     Therefore, Boggs demands that they and the other members of the FLSA
Collective Class be paid overtime compensation as required by the FLSA for every hour of
overtime worked in any work week for which they were not compensated, plus interest,
damages, penalties, and attorneys' fees as provided by law.

## COUNT II
### Violation of Oregon Wage and Hour laws
### (FRCP 23 Class)

71.     Boggs re-alleges and incorporates by reference each and every allegation set forth
in the preceding Paragraphs.

72.     It is unlawful under Oregon law for an employer to require or permit an employee
to work without paying compensation for all hours worked.

73.     It is unlawful under Oregon law for an employer to require or permit a non-
exempt employee to work in excess of 40 hours per week without paying overtime.

74.     It is unlawful under Oregon law for an employer to make deductions from
employee wages unless permitted under one of the enumerated exceptions in Or. Rev. Stat. §
652.610(3). None of the exceptions are applicable to the deductions made by Onity.

75.     Onity, through its policies and practices described above, willfully violated
Oregon Wage and Hour laws throughout the statutory period, and continuing through the
present, as follows:

> (a)     By failing to pay Boggs and other members of the Rule 23 Class
> their earned wages for all hours worked, in violation of Or. Rev. Stat. § 653.025
> and Or. Admin. R. § 839-020-0004(20);

PAGE 15 – CLASS ACTION COMPLAINT

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

(b)    By failing to pay Boggs and other members of the Rule 23 Class their earned wages for all hours worked upon their termination, in violation of Or. Rev. Stat. § 652.140;

(c)    By failing to pay the Boggs and other members of the Rule 23 Class overtime pay, in violation of Or. Rev. Stat. § 653.261 and Or. Admin. R. § 839-020-0030(1);

(d)    By making deductions from wages in violation of Or. Rev. Stat. § 653.610;

(e)    By failing to make, keep, and preserve accurate time records with respect to Boggs and other members of the Rule 23 Class sufficient to determine their wages and hours in violation of Or. Rev. Stat. § 653.045; and

(f)    By other practices in violation of Oregon wage and hour laws.

76.    Onity's actions, described above, constitute continuing willful violations of Oregon wage and hour laws.

77.    As set forth above, Boggs and other members of the Rule 23 Class have sustained losses in compensation as a proximate result of Onity's violations of Oregon wage and hour laws.

78.    Accordingly, Boggs, on behalf of himself and the Rule 23 Class members, seeks damages in the amount of their unpaid earned compensation, plus penalty wages damages, as provided by Oregon wage and hour laws.

79.    Boggs, on behalf of himself and Rule 23 Class members, seeks recovery of his attorneys' fees and costs, as provided by Or. Rev. Stat. § 652.220.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## COUNT III
### Unjust Enrichment/Quantum Meruit
### (FRCP 23 Class)

80.     Boggs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

81.     By misclassifying Boggs and Class members as independent contractors, by failing to maintain accurate records of all hours worked by Boggs and Class members, and by improperly requiring Boggs and Class members to pay Onity's ordinary business expenses, Onity has been unjustly enriched.

82.     Boggs and Class members are entitled to restitution of all of the business expenses they were illegally required by Onity to bear and for the fair value of the services they provided as employees.

### PRAYER FOR RELIEF

WHEREFORE, Boggs individually, and on behalf of all other similarly situated, prays for the following relief:

1.     An order certifying the Class as described with the named Boggs as Class representative.

2.     An order that requires Onity to rescind the Agreements, and awarding restitution compensating Boggs and the Class for the reasonable value of the services they provided to Onity as employees.

3.     An order requiring Onity to reimburse or indemnify Boggs and Class members for the Onity business expenses that they have covered or that have been deducted, or statutory damages of $200 for each violation, whichever is greater;

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

4.     An award of damages to compensate Boggs and Class Members for unpaid

wages, including overtime wages;

5.     An award of all applicable penalty wages;

6.     An award of attorneys' fees, plus the costs and expenses of this action;

7.     An award of punitive damages in an amount to be determined at trial;

8.     Pre- and post-judgment interest, as afforded by law;

9.     An order prohibiting Onity from engaging in the unlawful business practices and

behavior and from retaliating against Boggs for bringing this lawsuit; and

10.     All such other legal and equitable relief to which Boggs and Class Members are

entitled.

**Boggs and Class Members demands a trial by Jury.**

Dated: June 3, 2021

**Law Offices of Daniel Snyder**

*s/ John Burgess*
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Boggs

PAGE 18 – CLASS ACTION COMPLAINT