Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Melissa J. Healy, OSB No. 102176
melissa.healy@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

        Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JORDAN BOGGS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ONITY, INC.,<br><br>        Defendant. | Case No.: 6:21-cv-00842-MK<br><br>**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br><br>**ORAL ARGUMENT REQUESTED** |

### RULE 7-1(a) CERTIFICATION

Undersigned counsel certifies that they have conferred with plaintiff's counsel regarding the issues raised in this Motion, but the parties were unable to resolve them.

### MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Onity, Inc. ("Onity") moves to dismiss all of plaintiff's claims because plaintiff fails to state a claim upon which relief may be granted, or, in the alternative, to strike plaintiff's class and collective action allegations.

Page 1   -   DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

This Motion is supported by the following Memorandum.

## MEMORANDUM

### I.    INTRODUCTION

Onity moves to dismiss plaintiff's collective and class action claims, along with his

unjust enrichment claim, because plaintiff fails to state plausible claims for relief.  Plaintiff is a

former independent contractor for Onity.  Onity manufactures, sells, and distributes mobile

access solutions, electronic locking systems, and electronic safes.  Plaintiff alleges that he and

other individuals who performed "trainer" or "installer" services for Onity should have been

classified as employees and are entitled to unpaid overtime, along with unpaid wages and

penalties under Oregon law.  Despite seeking class-wide relief, the First Amended Complaint

("FAC") focuses exclusively on plaintiff's alleged individual experience and contains no facts

that would connect his circumstances to the other individuals and company contractors in his

proposed class.  Moreover, even assuming that plaintiff and his proposed class were

misclassified as independent contractors, plaintiff only alleges unsupported, conclusory

allegations suggesting that they are entitled to relief.  Accordingly, the Court should dismiss the

FAC in its entirety.

### II.    STANDARDS

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and

plain statement of the claim[s] showing that the pleader is entitled to relief."  A plaintiff must

"plead[] factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and pleadings

that do not contain such "facial plausibility" are subject to dismissal under Federal Rule of Civil

Procedure 12(b)(6), *id.* at 663.  In other words, if the well-pleaded facts "do not permit the court

Page 2   -   DEFENDANT'S MOTION TO DISMISS

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (brackets in original) (quoting Fed.

R. Civ. P. 8(a)(2)).

Although the Court must accept all factual allegations in the Complaint as true, it is "not

bound to accept as true a legal conclusion couched as a factual allegation," *id.* at 678 (citation

omitted), nor can a plaintiff rest on mere "labels and conclusions" or a "formulaic recitation of

the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Ultimately, the factual allegations "must be enough to raise a right to relief above the speculative

level." *Id.*

The policy driving the U.S. Supreme Court's decisions in *Twombly*/*Iqbal* is simple:

Before the defendant is forced to undertake the considerable burden and expense of defending

against a plaintiff's claims, the plaintiff must provide necessary factual predicates to support his

or her allegations.  Put differently,

> [i]t is no answer to say that a claim just shy of a plausible
> entitlement to relief can, if groundless, be weeded out early in the
> discovery process through "careful case management," given the
> common lament that the success of judicial supervision in
> checking discovery abuse has been on the modest side.  *See*, *e.g.*,
> Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 638 (1989)
> ("Judges can do little about impositional discovery when parties
> control the legal claims to be presented and conduct the discovery
> themselves").  And it is self-evident that the problem of discovery
> abuse cannot be solved by "careful scrutiny of evidence at the
> summary judgment stage," much less "lucid instructions to juries";
> the threat of discovery expense will push cost-conscious
> defendants to settle even anemic cases before reaching those
> proceedings.  Probably, then, it is only by taking care to require
> allegations that reach the level suggesting [the factual predicate]
> that we can hope to avoid the potentially enormous expense of
> discovery . . . .

Page 3    -    DEFENDANT'S MOTION TO DISMISS

*Id.* at 559 (citations omitted).  This is particularly true for ill-defined class actions where the potential for abuse is greatest.  *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("Certainly in a case of this magnitude, a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *DM Research, Inc. v. Coll. of. Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome." (emphasis in original)).

## III.    PLAINTIFF'S INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW

Plaintiff alleges three claims in the FAC: (1) failure to pay overtime under the federal Fair Labor Standards Act ("FLSA"); (2) violation of Oregon wage and hour laws; and (3) unjust enrichment.  Each of his claims is premised on the contention that plaintiff was incorrectly designated as an independent contractor and should have been classified as an employee.  All of plaintiff's claims should be dismissed because plaintiff's sparse allegations do not suggest that he was misclassified, nor does he plead facts supporting the alleged wage and hour or unjust enrichment claims.

### A.    Plaintiff does not plead a plausible claim that he was misclassified

Plaintiff fails to allege facts supporting that he was an employee of Onity.  Taking the allegations in the FAC as true, along with the substance of the written independent contractor agreement ("the Agreement" (Declaration of Melissa J. Healy in Support of Defendant's Motion to Dismiss, Ex. 1)) that plaintiff references in the FAC, plaintiff does not plead sufficient facts to suggest he was misclassified as an independent contractor.[1]

---

[1] The Court may consider plaintiff's contract with Onity without converting the motion to

"[T]o determine employment status [under] the FLSA, the 'economic realities test' is the applicable standard." *Perez v. Oak Grove Cinemas, Inc.*, 68 F. Supp. 3d 1234, 1242 (D. Or. 2014) (citing *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)).  Courts rely on six factors to analyze the economic realities of the relationship:

> "1) The degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; and 6) whether the service rendered is an integral part of the alleged employer's business."

*Id.* (citation omitted).

Regarding plaintiff's Oregon state law claims, courts apply the same "economic realities" test for claims arising under Oregon Revised Statutes ("ORS") chapter 653.  *See, e.g.*, *Moholt v. Dooney & Bourke, Inc.*, 63 F. Supp. 3d 1289, 1302 (D. Or. 2014).  For claims arising under ORS chapter 652, "the applicable test for deciding whether a worker is an employee or an independent contractor is the 'right-of-control' test."  *Id.* (citing *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1042 (9th Cir. 2014)) (noting that "Oregon's right-to-control test requires courts to weigh four factors: '(1) direct evidence of the right to, or exercise of, control; (2) the

---

dismiss to a motion for summary judgment.  *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1165 n.17 (D. Or. 2015); *see Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[A] court may . . . consider certain materials [such as] documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment.").  Plaintiff refers to the Agreement with Onity throughout the FAC.  (FAC ¶¶ 9, 24, 51.)

Page 5   -   DEFENDANT'S MOTION TO DISMISS

furnishing of tools and equipment; (3) the method of payment; and (4) the right to fire,'" with "[d]irect evidence of the right to control" being the most important factor (quoting *Slayman*, 765 F.3d at 1042)).

Applying these standards to the alleged facts, plaintiff does not state a plausible claim that he was an employee instead of an independent contractor. Plaintiff's independent contractor agreement expressly provides, in pertinent part:

- Plaintiff incorporated his business as a contractor in Montana. (Ex. 1 at 1.)

- Plaintiff had discretion to accept or reject any work that was offered to him. (*Id.*)

- Plaintiff was responsible for furnishing and paying for all labor and materials on any jobs he accepted. (*Id.*)

- Plaintiff was responsible for maintaining insurance coverage, including workers' compensation and commercial general liability insurance, on all jobs he accepted. (*Id.* at 3-4.)

- Plaintiff was required to verify employment eligibility for and pay appropriate wages to any employees he hired to work with him. (*Id.* at 5.)

Indeed, plaintiff concedes that the Agreement was "a contract to work as a trainer and installer, **not as an employee**." (FAC ¶ 9 (emphasis added).) In the face of these agreed terms setting out the economic realities of the parties' relationship and demonstrating that plaintiff was an independent business owner providing business services to Onity, plaintiff offers feeble and conclusory allegations that he should have been an employee:

- He did work for Onity from 2013 to 2020. (*Id.* ¶¶ 5, 9, 45.)

- Onity initially asked him to sign a contract to work as a trainer and installer, and required him to sign a new independent contractor agreement in 2017. (*Id.* ¶¶ 1, 24.)

Page 6    -    DEFENDANT'S MOTION TO DISMISS

- He was trained by his father, an Onity employee, and performed substantially the same tasks as his father did.  (*Id.* ¶ 9.)

- He attended a recertification class at Onity once in 2015.  (*Id.* ¶ 23.)

- During the time he worked with Onity, Onity "revised" a number of policies (none of which are attached as exhibits to the FAC or otherwise excerpted) that, in his view, "allo[wed] Onity" to exert control over "installers."  (*Id.* ¶¶ 14-25, 30, 32, 33.)

- Onity once gave him a supply kit to take to jobsites.  (*Id.* ¶ 29.)

- Onity paid him by direct deposit starting in 2018.  (*Id.* ¶ 28.)

- Onity once told him not to advertise for his personal photography business when working on Onity jobs.  (*Id.* ¶ 31.)

These threadbare allegations do not suffice and are insufficient on their face to satisfy either federal or state economic reality tests.  For example, plaintiff provides no factual allegations that explain (1) what plaintiff (or his father) actually did at Onity, including whether they worked as "trainers" or "installers" or both, what that entailed, and the degree of control Onity had over the conditions of performing that work; or (2) that the policies plaintiff cites actually applied to him, let alone impacted the work he was doing.[2]  Plaintiff's claims should be dismissed because he does not plead facts to suggest he should have been classified as an employee in the first place.

---

[2] For example, plaintiff states that Onity revised its "Crew Leader Policies" (FAC ¶ 22) without saying (1) what a Crew Leader is; (2) what a Crew Leader does; and (3) whether he was a Crew Leader.  Similarly, plaintiff states that he brings his class and collective action claims on behalf of "all . . . installers" (*id.* ¶¶ 2, 3) but describes himself as an "installer-trainer" (*id.* ¶ 1).

**B.**     **Even if a plaintiff pleaded sufficient facts to suggest he could be properly considered an employee, he fails to state a claim under the FLSA or Oregon wage laws, or a claim for unjust enrichment**

Plaintiff does not plead a plausible misclassification claim but, even if he did, his claims (all of which are contingent on a finding that he should have been classified as an employee) also fail because he pleads no facts supporting his claimed violations of federal or state wage laws.

**1.**     **Plaintiff fails to state a claim for overtime pay under the FLSA**

In his original Complaint, plaintiff's sole allegation concerning his overtime claim is the conclusory assertion that "[he] and members of the FLSA Collective Class worked in excess of forty (40) hours a week without overtime compensation." (Complaint ¶ 47.) However, "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a *given workweek* without being compensated for the hours worked in excess of forty during that week." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (emphasis added). Plaintiff attempts to remedy his original defect by now alleging that he worked more than 40 hours a week for three weeks in 2019. (FAC ¶ 46.) But there can be no claim for overtime wage violations where "[a]bsent from the plaintiff's complaint . . . [is] any *detail* regarding a *given workweek* when [he] worked in excess of forty hours." *Ferguson v. Smith*, No. 3:18-CV-00372-SB, 2018 WL 3733665, at *6 (D. Or. July 18, 2018) (emphasis added; third brackets in original; internal quotation marks and citation omitted) (adopting the *Landers* standard, and dismissing plaintiff's FLSA overtime claim)).

Plaintiff's second bite at the apple in the FAC fails to provide any detail concerning a given workweek, and provides only "'labels and conclusions, . . . a formulaic recitation of the elements of a cause of action,'" and a "'naked assertion' devoid of 'further factual enhancement'" that cannot survive a motion to dismiss. *Landers*, 771 F.3d at 641 (ellipsis in

Page 8    -    DEFENDANT'S MOTION TO DISMISS

original) (quoting *Twombly*, 550 U.S. at 555, 557); *Davis v. Laurel Med. Servs. Corp.*, No. 3:16-CV-1973-SI, 2018 WL 2105374, at *3 (D. Or. May 7, 2018) (finding plaintiffs' allegations that they "worked hours in excess of forty (40) hours per week without receiving overtime compensation as required under both federal and Oregon law" insufficient because they were "conclusory, merely recite some of the elements of a cause of action under the FLSA, and do not contain the requisite sufficient allegations of *underlying facts*" (internal quotation marks omitted; emphasis in original)).  Nowhere in his FAC does plaintiff allege the hours he worked in any given week and what he was paid (or not paid) or the basis of the calculation of his fee from Onity for such work as an independent contractor.  Plaintiff's FLSA overtime claim should be dismissed.

### 2.    Plaintiff fails to state claims under the Oregon wage laws

Plaintiff next asserts five separate violations of Oregon wage and hour laws.  (FAC ¶ 80.) To be an "employee" under Oregon's wage and hour laws, a plaintiff must allege that he "renders personal services wholly or partly in [Oregon]."  ORS § 652.310(2).  Moreover, "[w]here services are rendered only partly in [Oregon], an individual shall not be an employee . . . unless the contract of employment of the employee has been entered into, or payments thereunder are ordinarily made or to be made, within this state."  ORS § 652.310(2)(b).  All of plaintiff's Oregon claims should be dismissed because plaintiff does not allege that he worked in Oregon, beyond attending a recertification class in March 2015 (outside the six-year statute of limitations for Oregon wage claims) and working a single day in Ontario, Oregon, in September 2019.  (FAC ¶ 19); *Schedler v. FieldTurf USA, Inc.*, No. 3:16-CV-0344-PK, 2017 WL 3412205, at *4 (D. Or. Aug. 9, 2017) (observing that "if [p]laintiff's conduct were wholly outside of Oregon, [p]laintiff would not qualify as an Oregon employee" under the state's wage and hour

statutes).  Nor does plaintiff allege that his Montana-based business was to receive payments "made or to be made, within this state."  And even if plaintiff did allege that he worked in Oregon and was to be paid in Oregon during the relevant timeframe, his claims still fail as a matter of law.

### a.    Plaintiff's minimum wage claim should be dismissed

Plaintiff alleges that Onity failed to pay "[him] and other class members of the Rule 23 class their earned wages for all hours worked" in violation of ORS § 653.025.  That statute, however, merely requires employers to pay the minimum wage "for each hour of work time that [an] employee is gainfully employed."  ORS § 653.025(1).

To the extent plaintiff intends to allege a minimum wage claim, he has not done so.  "To prevail on a claim under [ORS] § 653.025, a plaintiff must [plead and] prove two elements: first, that plaintiff was employed by the defendant; and second, that plaintiff performed work for which he or she was not compensated at the applicable minimum wage rate."  *Coffey v. Inohara*, No. 3:20-CV-643-JR, 2020 WL 6365508, at *3 (D. Or. Aug. 17, 2020) (citing *State ex rel. Roberts v. Bomareto Enters., Inc.*, 153 Or. App. 183, 188 n.4, 956 P.2d 254 (1998)).  The FAC is devoid of any allegation concerning the actual pay that plaintiff received for his work for Onity for any particular job or service, or how that fee or compensation was calculated, let alone that the pay was less than the applicable minimum wage.  (*See generally* FAC.)  Plaintiff's claim under ORS § 653.025 must therefore be dismissed.  *See, e.g.*, *Coffey*, 2020 WL 6365508, at *3 (dismissing plaintiff's claim under ORS § 653.025 because "[t]he complaint fail[ed] to allege the applicable minimum wage either explicitly or impliedly by noting the dates on which the wages were paid and at what rate").

**b.    Plaintiff's claim for failure to pay wages upon termination should be dismissed**

Plaintiff next alleges that Onity failed to pay him and the other alleged class members "their earned wages for all hours worked upon their termination" in violation of ORS § 652.140, which would in turn entitle them to penalty wages under ORS § 652.150.  (FAC ¶ 80(b).)  ORS § 652.150(1).  He does not allege that Onity failed to pay out wages that were specifically due *at termination* when he left; rather, he appears to assert that Onity's failure to pay minimum wage and/or overtime during his tenure resulted in a second violation when those same wages were not paid out upon termination.  (FAC ¶ 45 (stating that plaintiff was "not paid all wages due and owing" at the time he resigned).)

Plaintiff cannot state a claim under ORS § 652.140 because he is already requesting the same penalty wages as part of his overtime claim under ORS § 653.261 (FAC ¶ 80(c)), and he cannot recover twice.  *See* ORS 653.055(1)(b) (employer that fails to pay overtime under ORS § 653.261 is liable for penalty wages pursuant to ORS § 652.150).  "[A] plaintiff may not seek a penalty for an employer's failure to pay overtime wages during employment in addition to a penalty for an employer's alleged failure to pay those same wages upon termination."  *Herb v. Van Dyke Seed Co.*, No. 3:12-CV-01070-BR, 2012 WL 4210613, at *4 (D. Or. Sept. 19, 2012); *see Davis*, 2018 WL 2105374, at *7 (A plaintiff can recover only "one penalty under Oregon law for the same employer misconduct." (citation omitted)).  This duplicative claim must therefore be dismissed.

**c.    Plaintiff's unpaid overtime claim should be dismissed**

"[T]o state a claim under both the FLSA and Oregon law for unpaid . . . overtime, the plaintiff must allege that an employer knowingly allowed or required him or her to work uncompensated hours." *Dusan-Speck v. St. Charles Health Sys., Inc.*, No. 6:13-CV-00358-AA,

2013 WL 4083617, at *2 (D. Or. Aug. 9, 2013); *see Davis*, 2018 WL 2105374, at *2 (evaluating

FLSA and Oregon overtime claims together because "most of ORS chapter 653 (Oregon's

minimum-wage law) is patterned after the FLSA," so "federal regulations and case law are

'instructive' in interpreting that chapter" (citation omitted)); *Makaneole v. Solarword Indus. Am.*

*Inc.*, No. 3:14-cv-1528-PK, 2014 WL 8102530, at *11 (D. Or. Dec. 8, 2014) (applying *Landers*

standard to state law overtime claim and dismissing because plaintiff failed to allege "any

specific workweek in which [any of the defendants] failed to pay all wages and/or all overtime

wages due and owing").

Plaintiff's overtime claims under Oregon law fail for the same reason as his FLSA claim,

namely, because they do not contain "any detail regarding a given workweek when [plaintiff]

worked in excess of forty hours and was not paid overtime for that given workweek." *Landers*,

771 F.3d at 646.  (*See* Section III(B)(1), *supra*.)

### d.    Plaintiff's unlawful deductions claim should be dismissed

Plaintiff alleges that Onity "ma[de] deductions from wages" in violation of ORS

§ 652.610,[3] which sets forth a list of permissible deductions for an employer to make.  (FAC

¶ 80(d)); ORS § 652.610(3).  However, plaintiff does not allege facts suggesting that anything

was deducted from payments made to him under the parties' Agreement.  At best, he alleges that

Onity had strict policies on booking travel and expense reimbursement (FAC ¶¶ 18, 30, 47), yet

he does not identify any expenses he incurred due to those policies or allege that he was not

reimbursed pursuant to the Agreement.  Plaintiff cannot state a claim for unlawful deductions.

---

[3] Plaintiff erroneously cites ORS § 653.610 in his FAC, which has been repealed, instead of ORS
§ 652.610.

e.      **Plaintiff's claim for failure to preserve accurate time records should be dismissed**

Plaintiff alleges that Onity "fail[ed] to make, keep, and preserve accurate time records" sufficient to determine wages and hours worked.  (*Id.* ¶ 80(e) (citing ORS § 653.045).)  There is no private right of action under this statute.  *See Thiebes v. Wal-Mart Stores, Inc.*, No. CIV.98-802-KI, 2002 WL 32770082, at *2 (D. Or. Oct. 15, 2002) (granting "[d]efendant's motion to dismiss plaintiffs' record-keeping claim . . . to the extent that the claim asserts a private right of action under O.R.S. § 653.045"); *Hensley v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 3:18-CV-00325-SB, 2018 WL 2424135, at *3 (D. Or. May 4, 2018) ("[O]nly the Bureau of Labor and Industries Commissioner may award a civil penalty under [ORS § 653.045].")  Plaintiff cannot assert a claim under ORS § 653.045.

### 3.      Plaintiff fails to state a claim for unjust enrichment

To allege a claim for unjust enrichment, a plaintiff must plead facts suggesting that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) it would be unjust under the circumstances for the defendant to retain the benefit and not pay for it.  *See Coffey*, 2020 WL 6365508, at *5 (citing *Winters v. Cnty. of Clatsop*, 210 Or. App. 417, 421, 150 P.3d 1104 (2007)).  Plaintiff does not plead any facts regarding benefits that he supposedly conferred on Onity, let alone that Onity was aware of the benefit or that it would be unjust for Onity to retain it.  Instead, as discussed in Section III(B)(2)(d), *supra*, plaintiff asserts only that Onity placed restrictions on travel and travel-related expenses without pleading any facts regarding how, or why, those restrictions impacted him.  Plaintiff's unjust enrichment claim should be dismissed.

IV.    **PLAINTIFF'S CLASS AND COLLECTIVE ACTION ALLEGATIONS FAIL AS A MATTER OF LAW**

A.    **Plaintiff's Oregon (Rule 23) class claims should be dismissed**

Plaintiff's proposed Oregon class consists of at least 100 different Onity contractors and businesses, each of which worked on different jobs through separate contractual relationships with Onity, and none of whom are specifically alleged to have worked a single day in Oregon. Even if plaintiff pleaded facts to demonstrate that his proposed class was subject to Oregon wage and hour laws and composed of similarly situated, misclassified contractors, the Amended Complaint is devoid of any substantive factual allegations showing that the proposed class is entitled to relief.

As noted above, the *Twombly/Iqbal* pleading standard is applicable to putative class actions and single-plaintiff claims alike.  In *Kennedy v. Unumprovident Corp.*, 50 F. App'x 354, 355 (9th Cir. 2002), the Ninth Circuit rejected the plaintiff's argument that the district court inappropriately dismissed class claims on a motion to dismiss, rather than allowing the case to proceed to class certification.  The Ninth Circuit there echoed the U.S. Supreme Court: "[I]t is sometimes 'plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims.'"  *Id.* (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).  The Ninth Circuit also highlighted the district court's obligation under Federal Rule of Civil Procedure 23(c)(1) "to determine 'as soon as practicable' whether the proposed class satisfies Rule 23's requirements."  *Id.*; *see also Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009) ("If, as a matter of law, a class cannot be certified . . ., it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification. . . .  Although it would be improper to require a plaintiff to establish she can maintain a class before she attempts to do so, it would be appropriate to

112758127.3 0075655-00001

dismiss the class allegations if the plaintiff does not allege facts sufficient to make out a class."
(internal quotation marks and citations omitted)).

Here, the wage and hour laws underlying plaintiff's class action claims require him to
plead facts supporting that (1) the proposed class is subject to Oregon's wage and hour laws; (2)
all proposed class members were similarly situated and misclassified as independent contractors;
and (3) each of the proposed class members experienced that same wage violations as plaintiff
did.  The Amended Complaint fails to plead these requirements at every turn.

### 1.    The proposed class is not subject to Oregon wage and hour laws

Plaintiff defines his class as

> [a]ll persons who are or have performed work as "installers" or
> "trainers" for Onity, some part of which was performed in Oregon,
> and who are or were misclassified as independent contractors
> during the period commencing six years prior to the filing of this
> Complaint through the trial in this action, and who: (a) were not
> paid overtime wages as required under Oregon law; (b) were
> subjected to improper deductions from their paychecks; or (c) were
> not paid all wages due and owing at the time their "contract"
> terminated.

(FAC ¶ 57.)  Missing in this description is any requirement that these individuals are subject to
Oregon wage and hour laws.  As discussed above, to be an "employee" under Oregon's wage
and hour laws, a plaintiff must have "render[ed] personal services wholly or partly in [Oregon]."
ORS § 652.310(2).  Moreover, "[w]here services are rendered only partly in [Oregon], an
individual shall not be an employee . . . unless the contract of employment of the employee has
been entered into, or payments thereunder are ordinarily made or to be made, within this state."
ORS § 652.310(2)(b); *see also Schedler*, 2017 WL 3412205, at *4.  Accordingly, a proposed
class member that performed "some part" of their work in Oregon (FAC ¶ 57) is not subject to
Oregon wage and hour laws unless their employment contract was executed in Oregon, or their

Page 15  -   DEFENDANT'S MOTION TO DISMISS

payments thereunder were ordinarily made in Oregon.  ORS § 652.310(2)(b).  Moreover, there is

not a single allegation in the Amended Complaint identifying any specific contractor other than

plaintiff who ever worked in Oregon.  For this reason alone, the Court should dismiss plaintiff's

class action claims.

## 2.      Plaintiff fails to allege that the proposed class members were misclassified as independent contractors

All of plaintiff's allegations that go to misclassification concern his individual experience

as a contractor for Onity.  (*See, e.g.*, FAC ¶¶ 9-14, 31 (alleging that plaintiff was trained by his

father, that Onity failed to pay plaintiff on time, and that Onity told plaintiff not to promote his

photography business).)  But there is no indication that the proposed class of businesses that

provided installer and training services to Onity had similar experiences.  Instead, plaintiff

merely parrots the same conclusory allegations that he offers for his own claim that he was an

Onity employee.  (*Id.* ¶¶ 61-62 (alleging that plaintiff "had the same duties and responsibilities as

other Rule 23 Class members, and was subject to the same policies and practices," and that "[h]e

has been treated in the same manner as other Class members by Onity").)  As discussed in

Section III(A), *supra*, plaintiff's individual allegations fail to state a claim and should be

dismissed.  Nor can plaintiff attempt to bootstrap his own inadequate allegations concerning

misclassification to a proposed class.  Federal pleading rules demand much more.

## 3.      The Amended Complaint fails to allege that members of the proposed class are entitled to relief under Oregon wage and hour laws

Even assuming that plaintiff's proposed class is made up of individuals and businesses

that are subject to Oregon wage and hour laws and were misclassified as independent

contractors, the FAC provides no allegations demonstrating that the proposed class is entitled to

relief under those laws.  As discussed at length above, plaintiff fails to state individual claims for

Page 16  -   DEFENDANT'S MOTION TO DISMISS

each alleged violation of Oregon wage and hour laws.  (*See* Section III(B)(2), *supra*.)  These arguments apply with equal force to plaintiff's attempt to assert the same allegations for others.

### B.       Plaintiff cannot certify an FLSA collective class

Even under the more lenient standard applicable to collective actions under the FLSA, the Amended Complaint is devoid of allegations sufficient to "nudge[] [the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The FLSA permits an employee to bring a lawsuit on behalf of "himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).  There is, however, "no established definition of the FLSA's 'similarly situated' requirement, nor is there an established test for enforcing it." *Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 947 (9th Cir. 2019) (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1111 (9th Cir. 2018)).  The Ninth Circuit has therefore developed its own standard with respect to conditional collective action certification under the FLSA: "Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 948 (quoting *Campbell*, 903 F.3d at 1117).  In reviewing the sufficiency of a plaintiff's collective action allegations, "the district court's analysis is typically focused on a review of the pleadings," and it is the plaintiff's burden to provide "substantial allegations" that meet the "plausibility standard[] commensurate with the [early] stage of the proceedings." *Campbell*, 903 F.3d at 1109; *see Rivera v. Saul Chevrolet, Inc.*, No. 16-CV-05966-LHK, 2017 WL 3267540, at *4 (N.D. Cal. July 31, 2017) (A plaintiff must provide "substantial allegations . . . that the putative class members were together the victims of a single decision, policy, or plan"; "[t]hese allegations . . . must show a reasonable basis for [p]laintiff's claim for class-wide conduct"; and "[w]here a case involves a claim of misclassification . . ., courts also require plaintiffs to provide some further allegations or

evidence indicating that prospective class members share similar job duties." (internal quotation marks, brackets, and citations omitted)).

Plaintiff seeks to certify a FLSA collective class consisting of

> [a]ll persons who are or have performed work as "installers" or "trainers" for Onity and who are or were misclassified as independent contractors during the period commencing three years prior to the filing of this Complaint through the trial in this action.

(FAC ¶ 49.)  Plaintiff's sole class claim under the FLSA is for unpaid overtime.  (*Id.* ¶¶ 67-75.) But plaintiff fails to provide any nonconclusory allegations—let alone "substantial allegations"—regarding the class members' fees from Onity for their work or how those fees were calculated, much less allegations showing that (1) any member of the proposed class worked in excess of 40 hours in a given workweek and was therefore entitled to overtime pay; or (2) that the proposed class member were not independent contractors.  Indeed, the FAC does not include a *single fact* in this respect.  Among its myriad deficiencies, the FAC:

- Never alleges a single workweek in which the proposed class members worked over 40 hours;

- Fails to differentiate between installers and trainers, or explain why they are similarly situated and should be part of a single class;

- Never mentions a single time the allegedly controlling policies affected an installer or a trainer; and

- Fails to detail the independent contractual relationship or terms for any proposed class member that are deficient such that the member was misclassified.

Aside from the procedural posture, the allegations in this case are strikingly similar to those found deficient in *Rivera*, 2017 WL 3267540.  There, the district court refused to certify the plaintiff's proposed collective class because he: (1) "fail[ed] to provide any evidence that

Page 18  -    DEFENDANT'S MOTION TO DISMISS

anyone but [himself] worked unpaid overtime"; (2) "fail[ed] to provide sufficient evidence that [he] and members of the putative collective action members have similar job responsibilities and pay structures;" and (3) "[did] not provide sufficient evidence that [defendant's policies] extended to all [proposed class members]." *Id.* at *5.

Plaintiff here fails to plead facts that establish whether he was a trainer, an installer, or both, never mind facts that plausibly suggest that others within that category or those categories had similar experiences. Nor has he pled that a single class member worked in excess of 40 hours in a given week, or that the Onity policies that allegedly transformed plaintiff's Montana business into an Oregon employee apply to the proposed class. Dismissal of plaintiff's collective action claims is therefore consistent with court rulings denying class certification to other wage claims that also require an individualized inquiry. For example, claims that workers have been misclassified as exempt "are particularly unsuited to collective action treatment" because of the "individualized fact-intensive inquiry required to determine how much time each" worker spent on exempt and non-exempt tasks. *McElmurry v. US Bank Nat'l Ass'n*, No. CV-04-642-HU, 2006 WL 8459340, at *4, *9 (D. Or. Oct. 3, 2006) (citing *Aguirre v. SBC Comm'ns, Inc.*, No. Civ. A. H-05-3198, 2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006)) (denying plaintiffs' certification motion in overtime exemption misclassification case because determining whether other potential plaintiffs are similarly situated would require a fact-specific and individualized inquiry into each employee's daily job duties); *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2009 WL 2046048, at *5 (D. Ariz. Jan. 22, 2009) ("If the proposed class members are not similarly situated, even if some of them may have been misclassified . . ., then the interest in judicial economy would not be advanced by allowing this suit to proceed as a collective action. Plaintiff's failure to make any . . . showing that [his] job duties were similar to those of

the prospective class members precludes certification of a collective action at this stage in the litigation."). Plaintiff's collective action claims should therefore be dismissed.

## V.   IN THE ALTERNATIVE, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS AND COLLECTIVE ACTION ALLEGATIONS

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Like individual allegations, class and collective action allegations "must at least be plausible"; to the extent that they are not, they properly are subject to a motion to strike. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *see also Ott v. Mortg. Investors Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1062 (D. Or. 2014) (motion to strike appropriate "when the class definition is obviously defective in some way" (internal quotation marks and citation omitted)); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045-46 (N.D. Cal. 2014) (granting motion to strike class definition in product defect action on ground that it included class members who did not experience product defect); *Ramirez v. Baxter Credit Union*, No. 16-cv-03765-SI, 2017 WL 1064991, at *7-8 (N.D. Cal. Mar. 21, 2017) (granting motion to strike class allegations where proposed class period extended beyond limitations period).

Here, even if the Court were to find that plaintiff has alleged sufficient factual material to state one or more *individual* claims, the Court still should dismiss plaintiff's class and collective

Page 20   -   DEFENDANT'S MOTION TO DISMISS

action claims or strike plaintiff's class and collective action allegations in their entirety.

## VI.    CONCLUSION

For all of these reasons, the Court should dismiss the First Amended Complaint in its

entirety.

DATED:  November 24, 2021.

STOEL RIVES LLP


/s/ *Melissa J. Healy*
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
MELISSA J. HEALY, OSB No. 102176
melissa.healy@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant